UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BDB (XXX-XX-7582)            CIVIL ACTION NO. 09-cv-0644

VERSUS            JUDGE HICKS

US COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff, born in 1957, has a ninth-grade education and past work experience at the heavy exertional level. Plaintiff filed an application for disability benefits based on a number of physical and mental health problems. An ALJ denied the claim, but the Appeals Council remanded the case for further proceedings and the resolution of certain specified issues. One issue was that the ALJ's decision "does not contain an adequate evaluation of the Functional Capacity Evaluation of physical therapist, Steve Allison." The Appeals Council continued:

> Mr. Allison indicates the claimant must have periodic 10-15 minute allowances each hour, when sitting, to stand and walk; when standing, to sit and/or walk; and when walking, to sit. The Administrative Law Judge does not include these limitations in the claimant's residual functional capacity finding. He does not express his reasons for rejecting these limitations in the decision.

Tr. 106-07. The Appeals Council directed the ALJ to give further consideration to Plaintiff's maximum residual functional capacity ("RFC") with an evaluation of treating and examining source opinions and an explanation of the weight given to such evidence. The ALJ was also

directed to obtain supplemental evidence from a vocational expert ("VE") to clarify the effect the assessed limitations would have on Plaintiff's occupational base.

ALJ Charles Lindsay held a hearing on remand and issued a decision that again denied the claim. The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review.

**Issue on Appeal**

Plaintiff lists a single error on appeal. He complains that the ALJ erred when he found that Plaintiff was not disabled even though a VE testified that there would be no jobs Plaintiff could perform if he had to be allowed to sit or walk for 10 to 15 minutes out of each hour of standing.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

    **A. Introduction**

The Social Security Act entitles certain "disabled" persons to disability benefits or supplemental security income benefits. The Act defines disabled persons as those who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. The Commissioner, pursuant to the Act, has promulgated regulations that include what is commonly referred to as the five-step sequential analysis. See 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for supplemental security income). The analysis is described in cases such as Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003)and Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). A finding against the claimant at any step ends the analysis and results in denial of the claim.

    **B. The RFC**

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one) since his onset date. He then turned to step two, which asks whether the claimant has impairments that are "severe" within the meaning of the regulations. He found that Plaintiff had the following severe impairments: major depressive disorder, diabetes mellitus, bilateral mild to moderate carpal tunnel syndrome, hypertension, status post stroke, obesity, left

shoulder tendinitis, Osgood-Schlatters Syndrome in both knees, degenerative lumbar disc disease, and obstructive sleep apnea.

The ALJ then reviewed the record to assess Plaintiff's RFC. The record included the report of Steve Allison, Doctor of Physical Therapy. He found that Plaintiff was capable of medium work activity, with restrictions that he summarized in a table of functional activities. With respect to sitting, Allison wrote: "Periodic 10-15 minute allowances each hour to stand and walk." With respect to sitting, he wrote that Plaintiff would need periodic 10-15 minute allowances each hour to "sit and/or walk." When walking, Plaintiff would need 10-15 minute allowances each hour to sit. Tr. 323-26.

The ALJ, when he discussed the Allison report, stated that Dr. Allison "determined that the claimant could perform a wide range of medium work, with ability to frequently sit, stand and walk but with position changes every 10-15 minutes and never crawling." Tr. 16. The ALJ later noted, in addressing the concerns of the Appeals Council, that Allison's opinion had previously been afforded great weight and incorporated into the RFC in the original decision. He said that new evidence "does not change the previous finding" and Plaintiff "continues to demonstrate a need to change positions at will, which would allow him to sit, stand or walk in 10-15 minute periods of time, in accordance with the limitations assessed by Mr. Allison." Tr. 17.

The ALJ found that Plaintiff retained the ability to perform light work, as defined in the regulations, reduced by no more than occasional postural activities (but no climbing of

ladders, scaffolds, etc. and no crawling); *the need to sit/stand at will*; no more than frequent reaching, handling, and fingering; no more than occasional overhead reaching; marked limitation in understanding, remembering and carrying out detailed instructions and dealing with the public; and moderately limited ability to maintain attention and concentration and deal with changes in work settings.

### C. VE Testimony

The ALJ asked VE Joni Crayton to assume a person with Plaintiff's age and work experience, with an RFC to perform no greater than light-level work, with the other restrictions added by the ALJ, including the requirement of a sit/stand option. The VE agreed that such a person could not perform the demands of Plaintiff's past relevant work (step four), so the ALJ then asked whether there were other jobs (step five) that such a person could perform. The VE identified the representative jobs of cashier II, parimutuel ticket cashier, and toll collector. The VE was asked if there would be jobs available if the claimant had the same limitations but were capable of only sedentary-level work. She testified that the ninth-grade educational level and other limitations would the eliminate unskilled jobs that might otherwise be available at that level. Tr. 79-81.

The ALJ later focused on the sit/stand option. He asked the VE to assume the person would need to have periodic 10 to 15 minute allowances each hour to stand and walk. He asked whether that could be accommodated with the sit/stand option as it is normally understood. The VE said that light work, which requires six hours of standing, could be

performed with the sit/stand option, but a worker who must leave the work station and actually walk away could not perform the identified jobs. Tr. 82-83. The ALJ mentioned later that the VE had said there would be no jobs available to an employee with Plaintiff's RFC and who had to walk away from the work station. Tr. 84.

### D. Conclusion

The VE identified jobs that a person with Plaintiff's limitations, including a sit/stand option, could perform. The VE made it equally clear that a person who would need to walk away from the work station could not perform available jobs. Thus, the real issue is whether the ALJ's assessment of an RFC that included a mere sit/stand option can be squared with the limitations set forth in the Allison report.

The undersigned has reviewed the record and determined that, in this case, it cannot. A fair reading of the Allison report suggests that the person will need to not merely change positions between sitting and standing but also walk, which will, in the ordinary understanding of what walk means, take a person away from his work station and, according to the VE, eliminate all jobs for Plaintiff. The ALJ did not specifically discuss how the limitations suggested by Allison would be accommodated by the sit/stand option. If the ALJ did not believe Plaintiff was so limited as suggested by Dr. Allison, he should have said so expressly and given his reasons for rejecting those limitations, just as directed by the Appeals Council. The ALJ might also have asked Allison for clarification regarding the limitations and whether a sit/stand option would accommodate them.

The undersigned has in several prior cases noted that remand was not required to address a "stand and walk" limitation listed in an Allison report if there was no objective evidence to suggest a basis for such an extreme limitation. See, e.g., Bell v. Commissioner, 2009 WL 5125418 (W.D. La. 2009). This case is different in that the evidence suggests, and the ALJ found, that Plaintiff does have health problems and related limitations that will require position changes. It is only the precise degree or extent of those limitations at issue.

A decision must indicate why evidence that would support a claim is rejected. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") It appears that the "and walk" aspect of the Allison report would support the claim but has not been adequately addressed. The appropriate action, under these circumstances, is to reverse the Commissioner's decision and, pursuant to sentence four of 42 U.S.C. § 405(g), remand the case to the agency for further proceedings. On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and

Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed pursuant to the fourth sentence of 42 U.S.C. § 405(g) and that this case be remanded for further proceedings consistent with the court's decision.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of July, 2010.

                                                                    MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE